NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0520n.06

No. 15-3332

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 06, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|    Plaintiff-Appellee, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE** |
| KEVIN A. DAVIS, | ) | **NORTHERN DISTRICT OF** |
| | ) | **OHIO** |
|    Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**BEFORE: SILER, GIBBONS, and KETHLEDGE, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** Kevin Davis pled guilty to one count of distributing child pornography in violation of 18 U.S.C. § 2252(a)(2) and two counts of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He appeals his 240-month sentence, arguing that the district court's imposition of a two-level enhancement for distribution, pursuant to U.S.S.G. § 2G2.2(b)(3)(F), resulted in impermissible double counting. Because the district court properly applied the two-level distribution enhancement, we affirm.

I.

On June 7, 2012, Davis was charged in a three-count indictment with possession and distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(5)(B). These charges stemmed from the discovery of pornographic images in Davis's Microsoft SkyDrive account. SkyDrive is a cloud storage product that allows users to send emails to others

with information about how to access and view the contents of the SkyDrive folder. Davis admitted that he had sent emails inviting others to view the contents of his SkyDrive account.

Without the benefit of a plea agreement, Davis pled guilty to all three counts. The PSR set Davis's base offense level at 22, pursuant to U.S.S.G. § 2G2.2, based on his violation of 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(5)(B). The PSR recommended various enhancements, including a two-point increase for distribution of child pornography, pursuant to U.S.S.G. § 2G2.2(b)(3)(F). It also applied a five-level enhancement for engaging in a pattern of activity involving the sexual abuse of a minor, based on a prior conviction for sexual battery and a prior arrest for aggravated sexual battery. In addition, the PSR found that Davis was subject to a 15-year mandatory minimum sentence on count 1 and a 10-year mandatory minimum on counts 2 and 3 based on prior convictions for sexual battery and for attempted pandering involving a minor.

At the initial sentencing hearing, on March 25, 2013 the district court applied the mandatory minimums as well as the five-level pattern of activity enhancement, and sentenced Davis to a 262-month term for count 1 and a 240-month term for counts 2 and 3, to run concurrently. Davis objected to the sentence and filed a timely notice of appeal. A panel of this court held that the district court errantly increased the statutory minimum sentences on the basis of Davis's prior attempted pandering conviction, but it affirmed the district court's application of the five-level pattern of activity enhancement. *United States v. Davis*, 751 F.3d 769, 774–78 (6th Cir. 2014). The panel remanded for resentencing.

On remand, the probation office issued a revised PSR. As before, Davis's base offense level was set at 22, based on his violation of 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(5)(B). The

PSR recommended various enhancements including, again, a two-level increase pursuant to § 2G2.2(b)(3)(F), because Davis admitted to distributing images using email and SkyDrive.

Davis objected to the revised PSR, arguing that because distribution was an essential element of his offense of conviction, it was impermissible double-counting to enhance his sentence pursuant to § 2G2.2(b)(3)(F). Over Davis's objections, the district court applied the two-level enhancement. The court resentenced Davis to a 240-month term on Count 1, and a 120-month term for Counts 2 and 3, to run concurrently. Davis now appeals the district court's application of the two-point enhancement under § 2G2.2(b)(3)(F).

II.

We review criminal sentences for both substantive and procedural reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing a sentence for procedural reasonableness, this court must ensure that the district court "correctly calculat[ed] the applicable Guidelines range." *Id.* at 49. We review a district court's factual findings at sentencing for clear error and its legal conclusions regarding the Sentencing Guidelines *de novo*, *United States v. Hodge*, 805 F.3d 675, 678 (6th Cir. 2015), and the applicability of U.S.S.G. § 2G2.2(b)(3)(F) to Davis's sentence is one such legal question. *See id.*

"Double counting 'occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways.'" *United States v. Walters*, 775 F.3d 778, 782 (6th Cir. 2015) (quoting *United States v. Wheeler*, 330 F.3d 407, 413 (6th Cir. 2003)). While double counting is, at times, impermissible, it is well-settled Sixth Circuit law that double counting does not result in a constitutional violation. *Id.* at 782–83. In fact, this court has held that double counting is acceptable "[w]here it 'appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct.'" *Id.* at 782 (quoting *United States v.*

*Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010)); *see also United States v. Chiaradio*, 684 F.3d 265, 283 (1st Cir. 2012) (noting that the Sentencing Commission is "capable of expressly forbidding double counting under the guidelines when appropriate" and "regard[ing] it as settled that when 'neither an explicit prohibition against double counting nor a compelling basis for implying such a prohibition exists,' courts should be reluctant to read in a prohibition where there is none" (quoting *United States v. Lilly*, 13 F.3d 15, 19–20 (1st Cir. 1994))).

In *Walters*, the defendant pled guilty to two counts of possession, receipt, and distribution under 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(5)(B). 775 F.3d at 783–84. As Davis does here, the defendant in *Walters* argued that his offense of distribution was taken into account by his base offense level of 22, and therefore, it was impermissible to punish him with an additional two-level enhancement for distribution under U.S.S.G. § 2G2.2(b)(3)(F). *Id.* at 784. In rejecting this argument, the *Walters* court relied on the Second Circuit's analysis in *United States v. Reingold*, 731 F.3d 204 (2d Cir. 2013), where the court emphasized that § 2252(a)(2) prohibits the knowing receipt *or* distribution of child pornography, and explained that U.S.S.G. § 2G2.2's "base offense level of 22 . . . applies equally to a variety of offenses, some involving distribution and others not" and thus "cannot be understood to address the harm associated with the distribution of child pornography." 731 F.3d at 228. Rather, the court concluded that § 2G2.2 grants sentencing courts flexibility to address "the range of harms associated with distribution . . . through various enhancements." *Id.*

Put another way, § 2G2.2 and the associated base offense level do not account completely for the harm of distribution because distribution is not required for every conviction under 18 U.S.C. § 2252(a)(2). Someone who merely possessed, received, or solicited child pornography would receive the same base offense level as someone who transported, shipped, or

knowingly distributed or intended to distribute the same images. In light of § 2G2.2's structure, it cannot be said that the application of a two-level distribution enhancement unduly punished Davis or otherwise resulted in impermissible double counting. This court has repeatedly found that § 2G2.2(b)(3)(F) is properly applied to defendants who knowingly distribute child pornography through peer-to-peer software. *See Walters*, 775 F.3d at 784–85 (collecting cases). While Davis did not use peer-to-peer software to distribute images, he admitted sending emails inviting others to view child pornography in an online account. This conduct is sufficient to warrant a two-level enhancement under § 2G2.2(b)(3)(F).

Davis attempts to differentiate his case from *Walters*. He explains that he pled specifically to distribution, while the defendant in *Walters* pled guilty to both receipt and distribution. This is a meaningless distinction. Even assuming he is correct that his base offense level and the two-point increase are both premised on the same underlying conduct, as noted above, double counting is permissible where it appears Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct. *See Walters*, 775 F.3d at 784 (citing *Reingold*, 731 F.3d at 227–28). In the same way the existence of a two-level decrease in the Guidelines, pursuant to § 2G2.2(b)(1), suggests that a base offense level of 22 may overstate the harm of mere solicitation, § 2G2.2(b)(3)(F)'s two-level enhancement is an indication from Congress and the Sentencing Commission that a base offense level of 22 does not purport to completely address the range of harms caused by the distribution of child pornography. The district court did not err in enhancing Davis's offense level by two points.

### III.

Based on the foregoing, we affirm the district court.