NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0038n.06

No. 21-5519

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jan 24, 2022 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| WILLIAM FARRELL RUSSELL, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| Defendant-Appellant. | ) | DISTRICT OF TENNESSEE |
| | ) | |

Before: GRIFFIN, DONALD, and BUSH, Circuit Judges.

GRIFFIN, Circuit Judge.

A jury found defendant William Russell guilty of two child-pornography crimes. He appeals his within-Guidelines sentence on procedural- and substantive-reasonableness grounds. We affirm.

I.

Law enforcement officials communicated online with a user who eventually shared numerous images and videos of child pornography. They identified Russell as the user, and he admitted to sending the images. A search of his residence yielded additional illicit materials.

A jury convicted Russell of distributing and possessing child pornography in violation of 18 U.S.C. § 2252(a)(2) and (a)(4)(B). Over defendant's objections, the district court found applicable several sexual-exploitation-of-a-minor sentencing enhancements, including knowingly engaging in distribution (U.S.S.G. § 2G2.2(b)(3)(F)); using a computer to possess and distribute

(§ 2G2.2(b)(6)); and committing an offense involving 600 or more images (§ 2G2.2(b)(7)(D)).  It then calculated Russell's Guidelines range and imposed a sentence at its top end of 262 months.

## II.

Russell challenges his sentence on several grounds.  Our review of a district court's "sentencing decisions is limited to determining whether they are reasonable," using the familiar abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 46 (2007) (internal quotation marks omitted).  "Reasonableness review has both substantive and procedural components." *United States v. Keller*, 498 F.3d 316, 322 (6th Cir. 2007).  We address each in turn.

## A.

A district court must properly calculate a defendant's Guidelines range for a sentence to be procedurally reasonable.  *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018).  This includes its application of a sentence enhancement under the Guidelines.  *United States v. Walters*, 775 F.3d 778, 781 (6th Cir. 2015).  Russell takes issue with the three above-referenced enhancements.  Upon review of the district court's factual findings for clear error and its legal conclusions de novo, *United States v. Angel*, 576 F.3d 318, 320 (6th Cir. 2009), we cannot say that the district court's application of these enhancements constitutes an abuse of discretion, *Gall*, 552 U.S. at 46.

## 1.

Section 2G2.2(b)(3) provides enhancements for the distribution of child pornography. Here the district court applied a two-level increase after concluding Russell "knowingly engaged in distribution."  § 2G2.2(b)(3)(F).  Russell raises a double-counting challenge to the district court's application of this enhancement.  "Double counting occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways," *Walters*, 775 F.3d at 782

(internal quotation marks omitted), which Russell says happened here because the distribution element of his conviction was already accounted for by his base offense level.

*Walters* forecloses this argument. There we held that because both the criminal statute (18 U.S.C. § 2252(a)(2)) and the applicable Guidelines commentary (U.S.S.G. § 2G2.2, cmt. n.1) differentiate between receipt and distribution, a defendant may be convicted of a distribution offense and receive a distribution enhancement without running afoul of the general prohibition on double counting. *Id.* at 784–85. And, this holding aside, even if Russell's base offense level and the enhancement are premised on the same conduct, "double counting is permissible where it appears Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct," and here, "§ 2G2.2(b)(3)(F)'s two-level enhancement is an indication from Congress and the Sentencing Commission that [the] base offense level . . . does not purport to completely address the range of harms caused by the distribution of child pornography." *United States v. Davis*, 659 F. App'x 864, 866 (6th Cir. 2016) (citing *Walters*, 775 F.3d at 784). The district court therefore correctly applied this enhancement.

2.

We turn next to § 2G2.2(b)(6)'s enhancement for "the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of" child pornography. Like many defendants before, Russell complains that because nearly all child-pornography convictions in today's technology-filled age stem from the use of a computer, § 2G2.2(b)(6) cannot be by its very definition a specific offense characteristic. But an "enhancement is valid, no matter how often it applies," *United States v. Lynde*, 926 F.3d 275, 280 (6th Cir. 2019) (citation omitted), and *Walters* again renders Russell's claim of appeal unmeritorious. There we noted that "[t]he Commission purposefully set both the base offense level and the degree of enhancement with the

frequency of computer use in mind. We have adopted that rationale and rejected arguments that the computer enhancement should not be used simply because it is applied frequently." 775 F.3d at 786 (internal citation omitted). To the extent Russell's appeal hints at a double-counting challenge, that too runs headlong into circuit precedent. *See, e.g.*, *United States v. Lewis*, 605 F.3d 395, 403 (6th Cir. 2010). We therefore discern no error in the district court's conclusion that the use-of-a-computer enhancement applies.

3.

The last challenged enhancement, § 2G2.2(b)(7), increases a defendant's base offense level depending upon the number of images involved. Russell's offense conduct involved 111 images and 35 videos (each of which, under the Guidelines commentary, is considered to have 75 images), for a total of 2,736 images. U.S.S.G. § 2G2.2(b)(7), cmt. n.6. His 600 or more images earned Russell a 5-level increase. § 2G2.2(b)(7)(D).

As he did below, Russell argues the district court erroneously found he satisfied the 600-image threshold because some videos were "inaccessible" thumbnails. But he did not produce evidence challenging the presentence report's factual findings, and his failure to do so means the district court was "entitled to rely on those facts when sentencing" Russell. *United States v. Geerken*, 506 F.3d 461, 467 (6th Cir. 2007). That is, although he generally challenged the accessibility of some of the videos, he offered no evidence supporting his position that the thousands of images attributed to him reflected an overcounting sufficient to drop him below 600. For this reason, we cannot say the district court clearly erred in finding Russell's offense involved 600 or more images.

B.

Finding no procedural infirmities with his sentence, we consider next its substantive reasonableness. A sentence is substantively unreasonable when a district court "place[s] too much weight on some of the [18 U.S.C.] § 3553(a) factors and too little on others in sentencing the individual." *Rayyan*, 885 F.3d at 442. It is in essence a claim that a sentence is "too long (if a defendant appeals) or too short (if the government appeals)." *Id.* Mindful of our institutional limitations as a reviewing court, we exercise "a great deal of deference" when reviewing a defendant's sentence for substantive reasonableness. *United States v. Mayberry*, 540 F.3d 506, 519 (6th Cir. 2008). We presume Russell's within-Guidelines sentence is reasonable. *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

Russell has not rebutted this presumption. Initially, the record belies his accusation that aside from his offense conduct, the district court "did not discuss" the remaining § 3553(a) factors. A full review of the sentencing record shows the district court considered the pertinent factors in crafting a sentence sufficient, but not greater than necessary, to comply with the purposes of § 3553(a). It found that "almost all of the factors would justify a high end sentence"—which it ultimately imposed—"or possibly even an upward variance." Russell's offense conduct was "extremely serious" in the district court's view given his "apparent willingness . . . to recruit others to engage in making pornography, child pornography, and to the point of trying to arrange to have a sexual relationship with the 13 year old child." With this in mind, the district court found a "substantial need" to deter this kind of conduct in spite of Russell being 60 years old, presenting "some physical health issues," and having a "very difficult childhood." And while this weighing of the § 3553(a) factors certainly was not how Russell wanted it to be given his history and characteristics, it does not compel the conclusion that the district court imposed an arbitrary

sentence or ignored his arguments for greater leniency. *See United States v. Houston*, 813 F.3d 282, 296 (6th Cir. 2016). Put differently, we will not find unreasonable Russell's sentence just because he thinks the district court should have balanced the sentencing factors differently. *See United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013).

### III.

For these reasons, we affirm the district court's judgment.