OPINION
BERNICE BOUIE DONALD, Circuit Judge.
Defendant-Appellant Michael S. Walters (“Walters”) appeals his sentence for possessing, receiving, and distributing child pornography in violation of 18 U.S.C. §§ 2252(a)(2) (“Count 1”) and 2252A(a)(5)(B) (“Count 2”). Walters pleaded guilty to both counts in October 2013 without a plea agreement. In January 2014, the district court sentenced him to 151 months’ imprisonment on Count 1 and 120 months’ imprisonment on Count 2, to be served concurrently.
On appeal, Walters challenges three enhancements the district court applied to his sentence: 1) a two-point enhancement for “distribution” pursuant to U.S.S.G. § 2G2.2(b)(3)(F); 2) a four-point enhancement for engaging in the receipt and distribution of materials depicting sadism, masochism, or other violence pursuant to U.S.S.G. § 2G2.2(b)(4); and 3) a two-point enhancement for “use of a computer” in distributing child pornography pursuant to U.S.S.G. § 2G2.2(b)(6). Walters argues that these enhancements constitute impermissible double counting in violation of his right to due process and freedom from double jeopardy under the Fifth and Fourteenth Amendments. For the reasons that follow, we AFFIRM the district court’s decision.
I. BACKGROUND
This case involves the exchange of child pornography online via peer-to-peer software. In 2012, federal agents acting under the auspices of the Ohio Internet Crimes Against Children Task Force located a computer downloading several videos depicting real children engaged in sexually explicit conduct. Between April and November 2012, the computer was used repeatedly to connect with peer-to-peer software that enabled the user to access other computers and vice versa. Through this software, the user searched for and downloaded several hundred videos of child pornography. These materials were saved in a shared drive on the computer to allow other users to access them.
On January 9, 2013, the agents executed a search warrant on Walters’ neighbors’ house based on the billing address from the computer’s internet service provider. During questioning, the neighbor stated that he had no knowledge of the child pornography, but revealed that he had shared his wireless internet password with Walters.
The agents subsequently questioned Walters at his home. Walters consented to a search of his computer, telling the agents that if there was anything on the computer, they could erase it and it would not happen again. While on site, the agents recovered multiple pornographic videos of children from the computer and confronted Walters with this discovery. Walters admitted to having downloaded certain pornographic images through the peer-to-peer network over a period of time. He also admitted he knew others could obtain child pornography from him through the network.
Walters estimated that, over the course of the previous year, he had viewed 500 pornographic videos primarily depicting female minors between the ages of five and fourteen having oral sex, vaginal sex, and anal sex with an adult male. Among the files on Walters’ computer when agents *781 interviewed him at his home were videos of an adult male engaged in genital-to-genital intercourse with a prepubescent female, a video of a male subject engaged in genital-to-genital intercourse with a female toddler, and a video of an adult male engaged in anal intercourse with a prepubescent .male. The probation officer who drafted Walters’ sentencing recommendation observed that he appeared to be attracted to father-daughter pornography in particular. Walters stated that, although he had never sexually touched his then-nine-year-old daughter, he had entertained sexual thoughts about her.
Walters was indicted on two counts: 1) that he “did knowingly receive and distribute” child pornography, by any means, including by computer, in violation of 18 U.S.C. § 2252(a)(2) (Count 1); and 2) that he did knowingly possess a computer containing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2). Walters pleaded guilty to both counts in October 2013. There was no plea agreement.
At sentencing, Walters objected to three of the point enhancements recommended in the Presentencing Report (“PSR”), all of which he claimed constituted impermissible double counting: 1) a two-level enhancement for “distribution”; 2) a four-level enhancement for “sadistic, masochistic or other violent images”; and 3) a two-level enhancement for “use of a computer” in commission of the crime. The court overruled his objections, and applied all three enhancements to his base offense level of 22. Combined with other enhancements and deductions, Walters was assigned a total offense level of 34 and a criminal history category of I. Based on the statute and the Sentencing Guidelines, Walters had a sentencing range of 151 to 188 months’ imprisonment for Count 1 and a maximum of 120 months’ imprisonment on Count 2. The court sentenced Walters to 151 months and 120 months on Counts 1 and 2, respectively, and mandated that they be served concurrently. Walters now appeals.
II. ANALYSIS
A. Standard of Review
‘We review sentences under a deferential abuse-of-discretion standard.” United States v. Howard, 570 Fed.Appx. 478, 480 (6th Cir.2014) (citing Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). To determine whether a district court abused its discretion, we look to whether the sentence is reasonable. Id. (citing Gall, 552 U.S. at 46, 128 S.Ct. 586). Sentences must be both procedurally and substantively reasonable. United States v. Sullins, 529 Fed.Appx. 584, 588 (6th Cir.2013) (citing Gall, 552 U.S. at 51, 128 S.Ct. 586).
When considering a sentence determined under the federal Sentencing Guidelines, we review a district court’s factual findings for clear error; we then review de novo the court’s interpretation and application of the Guidelines. Howard, 570 Fed.Appx. at 480 (citing United States v. Benson, 591 F.3d 491, 504 (6th Cir.2010)). In this context, a sentence is procedurally unreasonable if, for example, the court “improperly calculates] the Sentencing Guidelines range, consider[s] the Sentencing Guidelines mandatory, ignor[es] the § 3553(a) factors, selects] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence.” Id. (citing Gall, 552 U.S. at 51, 128 S.Ct. 586). Whether the district court properly applied a sentence enhancement under the Guidelines is also a matter of procedural reasonableness. United States v. Battaglia, 624 F.3d 348, 351 (6th Cir.2010) (citing United States v. Flack, 392 Fed.Appx. 467, 470 (6th Cir.2010)). Wal *782 ters does not challenge the substantive reasonableness of his sentence.
Accordingly, we review de novo the district court’s application of enhancements to Walters’ sentence under the Guidelines.
B. Procedural Reasonableness

1. Constitutionality of Double Counting

Walters asserts that the challenged sentence enhancements constitute unconstitutional double counting. By penalizing him twice for the same conduct, he argues, the sentence imposed by the district court violates his right to due process and his right not to be subject to double jeopardy. U.S. CONST, amends. V and XIV, § 1. Walters’ constitutional argument is unpersuasive. It is well-established in this Circuit that double counting—even impermissible double counting—does not rise to the level of a constitutional violation.
Double counting “occurs when ‘precisely the same aspect of a defendant’s conduct factors into his sentence in two separate ways.’ ” United States v. Wheeler, 330 F.3d 407, 413 (6th Cir.2003) (quoting United States v. Farrow, 198 F.3d 179, 193 (6th Cir.1999)). “[N]o double counting occurs if the defendant is punished for distinct aspects of his conduct.” Battaglia, 624 F.3d at 351 (citing United States v. Moon, 513 F.3d 527, 542 (6th Cir.2008)). Where double counting does occur, however, it may be permissible. Id. Where it “appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct,” double counting is permitted. Id. (quoting Farrow, 198 F.3d at 194). Indeed, the Guidelines explicitly state that “[t]he offense level adjustments from more than one specific offense guideline are applied cumulatively (added together) unless otherwise noted.” U.S.S.G. § 1B1.1 cmt. n. 4(A).
It is settled law in this Circuit that double counting does not violate the Constitution’s prohibition on double jeopardy. Wheeler, 330 F.3d at 413 (“In asserting a double jeopardy violation, Defendant unsuccessfully attempts to transform what constitutes at most a double counting issue under the sentencing guidelines into a constitutional concern.”). In Wheeler, we concluded that
[although the Constitution prohibits multiple criminal punishments for the same offense, double jeopardy principles generally have no application in the sentencing context “because the determinations at issue do not place a defendant in jeopardy for an ‘offense.’ ” This rule also applies to sentencing enhancements, which constitute increased penalties for the latest crime, rather than “‘a new jeopardy or additional penalty for the earlier crimes.’ ”
Id. (quoting Monge v. California, 524 U.S. 721, 728, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998)). Thus, when a district court applies multiple sections of the Guidelines to determine the proper sentence for an offense, there is no constitutional violation for double jeopardy. Id.
Walters also argues that the alleged double counting in this case violates his right to due process. However, he fails to articulate a connection between double counting and a violation of due process. He argues the sentence is “unfair,” but then repeatedly engages in an analysis of whether the sentence enhancements constitute impermissible double counting—a separate inquiry with different implications. Even though the government directly challenges him on this point, Walters again asserts only that the sentence is “unfair,” and requests a downward adjustment. As Walters presents no legal argument for this Court to evaluate with regards to his due process claim, it is un~ *783 necessary to consider it further. Fed. R.App. P. 28(a)(8) (requiring appellant to set forth both his contentions on appeal and arguments supporting them).
Properly construed, Walters’ appeal largely contends that the challenged sentence enhancements are impermissible double counting. The relief requested— that the enhancements be removed and the case remanded for re-sentencing—would be properly granted if he demonstrates that the enhancements are impermissible. We therefore evaluate whether that is the case.

2. Permissibility of Double Counting

As discussed, Walters pleaded guilty to two counts of possession, receipt, and distribution of child pornography under 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(5)(B). Walters argues that each of the three sentence enhancements applied by the district court was already an element of his crime. However, an examination of the language in Walters’ Indictment, the relevant statutes, and the Sentencing Guidelines reveals that each enhancement was properly applied under our existing jurisprudence regarding double counting.
a. Distribution
Walters first challenges a two-point sentence enhancement imposed by the district court for “distribution” under the Sentencing Guidelines. His claim fails because the enhancement does not constitute double counting.
Walters pleaded guilty to Count 1 of his Indictment, which stated that he “did knowingly receive and distribute ... numerous computer files, which files contained visual depictions of real minors engaged in sexually explicit conduct ... in violation of [18 U.S.C. § 2252(a)(2) ].” The statutory language supporting Count 1 states that “[a]ny person who [ ] knowingly receives, or distributes, any visual depiction ... if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and such visual depiction is of such conduct; shall be punished[J” 18 U.S.C. § 2252(a)(2).
Section 2G2.2 of the Sentencing Guidelines addresses “Trafficking in Material Involving the Sexual Exploitation of a Minor.” This section establishes a base offense level of 22 for a defendant convicted under 18 U.S.C. § 2252(a)(2) (Count 1 of Walters’ Indictment). It then goes on to provide for various sentence enhancements based on particular characteristics of the offense, stating that
[i]f the offense involved:
(A) Distribution for pecuniary gain, increase by the number of levels from the table in § 2B1.1 (Theft, Property Destruction, and Fraud) corresponding to the retail value of the material, but by not less than 5 levels.
(B) Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, increase by 5 levels.
(c) Distribution to a minor, increase by 5 levels.
(D) Distribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity, other than illegal activity covered under subdivision (E), increase by 6 levels.
(E) Distribution to a minor that was intended to . persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct, increase by 7 levels.
(F) Distribution other than distribution described in subdivisions (A) through (E), increase by 2 levels.
U.S.S.G. § 2G2.2(b)(3) (emphasis added).
The officer preparing Walters’ PSR recommended a two-level enhancement based *784 on subsection (F), highlighted above. The district court accepted the recommendation and applied the enhancement.
At sentencing and on appeal, Walters argues that subsection (F) duplicates the “distribution” element of his conviction under § 2252(a)(2) and therefore constitutes impermissible double counting. He notes that subsections (A) through (E) articulate actions that aggravate a typical case of distribution. Subsections (A) and (B) draw a distinction between distribution alone and distribution for the purposes of a quid pro quo; subsections (C), (D), and (E) apply increases for distribution to a minor. By contrast, Walters argues, subsection (F) adds a two level enhancement “solely for committing the act.” He claims this unjustly punishes him twice for the same conduct: once as an element of the offense, and again as an enhancement to the offense.
Walters’ analysis is flawed. The sentence enhancement for distribution is not double counting in this instance. Recall that, where a defendant is penalized for distinct aspects of his conduct, no double counting takes place. United States v. Kizer, 517 Fed.Appx. 415, 419 (6th Cir.2013) (citing Moon, 513 F.3d at 542 (6th Cir.2008)). The statute states that a defendant may be convicted for “receiptf ] or distribution”; it does not require both. 18 U.S.C. § 2252(a)(2) (emphasis added). The Sentencing Guidelines similarly differentiate between receipt and distribution, noting that distribution aggravates an offense under § 2252(a)(2) because it is more than the “mere solicitation” of pornographic material by a defendant. U.S.S.G. § 2G2.2, cmt. n. 1. The distribution enhancement is therefore distinct from sentencing for mere receipt under the statute.
We recently affirmed this approach in United States v. Clark, 553 Fed.Appx. 538, 539 (6th Cir.2014) (per curiam). Like Walters, Clark pleaded guilty to distribution under § 2252(a)(2) and the district court applied a two-point enhancement to his sentence under § 2G2.2(b)(3)(F). Id. On appeal, Clark argued the enhancement was “improper double counting because the fact that he had distributed child pornography was taken into account by his conviction under § 2252A(a)(2)[.]” Id. We disagreed: “[djespite Clark’s argument to the contrary, the district court’s application of the enhancement under § 2G2.2(b)(3)(F) did not result in improper double counting.” Id. (referencing United States v. Reingold, 731 F.3d 204, 227-28 (2d Cir.2013) (“Section 2252(a)(2) proscribes the knowing receipt or distribution of child pornography.... the Guideline provides for an enhancement to the base offense level for offenses that involved the distribution of child pornography. Specifically, [§ 2G2.2(b)(3)(F) ] dictates a two-level enhancement whenever an offense involved distribution^] ... This structure cannot be understood to address the harm associated with the distribution of child pornography in a base offense level of 22 that applies equally to a variety of offenses, some involving distribution and others not. Rather, § 2G2.2 is structured so that the range of harms associated with distribution can be addressed through various enhancements.” (internal quotation marks and citations omitted))).
Further, the district court clarified when it sentenced Walters that it applied subsection (F) not just for distribution, but for distribution through a peer-to-peer network. (R.42, Page ID # 183) (“As to the first objection to the addition of two points for distribution, it is true that pier-to-pier [sic] and searching, and searching and sharing files, is distribution, that’s well settled, and of course Mr. Walters had knowledge of how it works.”)) We have repeatedly found that subsection (F) is *785 appropriately applied in cases where a defendant distributed child pornography through use of peer-to-peer software. See, e.g., Clark, 553 Fed.Appx. at 539; United States v. Gerick, 568 Fed.Appx. 405, 412 (6th Cir.2014) (“Knowing use of a file-sharing program is sufficient to warrant the two-point increase under U.S.S.G. § 2G2.2(b)(3)(F).” (citing United States v. Conner, 521 Fed.Appx. 493, 499-500 (6th Cir.2013))); United States v. Darway, 255 Fed.Appx. 68, 72 (6th Cir.2007). Contrary to Walters’ characterization, the district court applied subsection (F) for distribution that is aggravated in ways not discussed in (A) through (E): distribution aggravated through use of peer-to-peer software. The enhancement of Walters’ sentence under § 2G2.2(a)(2) was not double counting. Accordingly, the district court did not abuse its discretion in applying the enhancement.
b. Sadistic or Masochistic Material
Walters next appeals the district court’s application of a four-point enhancement for enhancement also constitutes impermissible double counting and must be removed from his sentence. This argument also fails.
The Sentencing Guidelines for crimes under 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(5) state that if the particular offense “involved material that portrays sadistic or masochistic conduct or other depictions of violence,” the court should enhance the defendant’s sentencing level by four points. U.S.S.G. § 2G2.2(b)(4). Walters contends that “every image involving children in any sexual context or for that purpose is, at the very least, an image of violence,” and that any act to which U.S.S.G. § 2G2.2(b)(4) might apply is always “an act that satisfies the violence enhancement therein.” Thus, he reasons, the enhancement serves only to punish an offender twice for the same conduct.
However, we have held that the enhancement under § 2G2.2(b)(4) does not apply to all child pornography convictions. United States v. Phillips, 383 Fed.Appx. 527, 532-33 (6th Cir.2010). In Phillips, the defendant was similarly convicted under § 2252(a)(2) and the district court applied the same four-level enhancement for sadistic and masochistic material at issue here. Id. at 528. On appeal, Phillips argued that “ ‘[c]hild pornography inherently victimizes the child [portrayed therein] through sexual dominance and control,’ and that the district court therefore ‘misapplied the law ... when it overruled [his] objection that U.S.S.G. § 2G2.2(b)(4) ... enhances a base sentence which intrinsically already contains the U.S.S.G. § 2G2.2(b)(4) considerations.’” Id. at 532 (alterations in original) (quoting the appellant’s brief). We rejected Phillips’ interpretation, noting that “sadistic or masochistic conduct” typically involves an additional element: “the infliction of pain.” Id. at 532 (citing United States v. Groenendal, 557 F.3d 419, 425 (6th Cir.2009); United States v. Quinn, 257 Fed.Appx. 864, 866-67 (6th Cir.2007); United States v. Fuller, 77 Fed.Appx. 371, 383-84 (6th Cir.2003)). We explained that
[t]he base offense[ ] at issue here-receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B)-need not involve the depiction of acts likely to cause pain. Those base offenses require receiving or possessing depictions of minors “engaging in sexually explicit conduct,” which is defined to include not just hard-core sexual acts, but also, inter alia, “lascivious exhibition of the genitals or pubic area.” It is clear that, at least under some circumstances, lascivious nude posing, without more, would not inflict suffi *786 cient pain on a minor to trigger the sadomasochism enhancement.
Id. at 532-33 (citing United States v. Borho, 485 F.3d 904, 909-10 (6th Cir.2007) (stating that “not all child pornography is equally sadistic” and distinguishing an image of sex' between two minors and “a video clip depicting an adult male anally raping a toddler”)). We held that the enhancement was not double counting.[1] Id. at 533.
On appeal, Walters makes the same argument as Phillips, and his argument fails for the same reasons. Among the pornographic materials discovered on his computer at the time of his arrest were several videos of adult males raping prepubescent boys and girls, including a video of a male subject having genital-to-genital intercourse with a female toddler. These videos are clearly distinguishable from materials involved in other child pornography cases. The four-level enhancement under § 2G2.2(b)(4) does not “double count” any aspect of Walters’ crime. Rather, it separately punishes him for exchanging and possessing the sadistic, masochistic material it is explicitly designed to address. The district court acted within its discretion to apply the enhancement.
c. Use of a Computer
Finally, Walters challenges the district court’s application of a two-level sentence enhancement for “use of a computer or an interactive computer service” in commission of his crime. U.S.S.G. § 2G2.2(b)(6). This claim fails on multiple bases.
As with his other objections, Walters asserts that application of an enhancement for use of a computer under § 2G2.2(b)(6) constitutes impermissible double counting. He does not explain why or how this might be; instead, he attacks the rationale behind the enhancement itself. In particular, Walters claims that frequent application of the enhancement “blurs the logical difference between the least and worst offenders.” He argues that there is “no reason to believe that computer images are any more permanent than those in print,” and that, although the enhancement is applied often, a “computer does not aggravate the offense” in every case. Because Walters does not explain how these arguments apply to his sentence, his claim is best interpreted as a facial challenge to § 2G2.2(b)(6).
Walters’ challenge lacks the facts or law necessary to succeed. In drafting § 2G2.2, the Sentencing Commission explicitly considered whether the computer enhancement would be frivolous. See U.S.S.G.App. C, Amend. 664, pp. 58-59. The Commission purposefully set both the base offense level and the degree of enhancement with the frequency of computer use in mind. Id. We have adopted that rationale and rejected arguments that the computer enhancement should not be used simply because it is applied frequently. See, e.g., United States v. Cunningham, 669 F.3d 723, 732-33 (6th Cir.2012) (affirming the district court’s rejection of defendant’s argument “that the frequency *787 with which the enhancements applied in other cases rendered them invalid”).
Contrary to Walters’ suggestion that computer images are no more permanent than physical ones, the enhancement exists because the electronic nature of some videos makes them easier to duplicate and distribute over time and across geography. There is a quantifiable cost to copying, sending, saving, and cataloging physical materials. No comparable cost exists when it comes to downloading, saving, and sharing electronic materials like those Walters had in his possession.
It is often said that once a photo is online, it exists forever. Peer-to-peer software like that Walters used ensures as much: two people on opposite sides of the globe can instantaneously search, send, receive, and save materials at the click of a mouse. The enhancement remains relevant—regardless of its frequency of application—because the harm it addresses is real. And as the district court explained during sentencing, the enhancement applies in Walters’ case not because he used a computer, but because his use of a computer ensured that thousands of people had access to videos of children being sexually assaulted over the course of 2012. (R.42, Page ID # 192-93 (“It’s not unusual to have people commit crimes from the convenience and privacy of their home, the computer and Internet makes that possible nowadays.... You can do what you want and nobody is going to find out, and you don’t think you’re harming anybody by doing that, but just the opposite is true.”).) The district court did not abuse its discretion in applying the enhancement for computer use to Walters’ sentence.
III. CONCLUSION
For the foregoing reasons, we AFFIRM the sentence imposed by the district court.
DONALD, J., delivered the opinion of the court in which WHITE, J., joined.
WHITE, J. (pg.14), delivered a separate concurring opinion. MERRITT, J. (pp. 15-17), delivered a separate dissenting opinion.

. Our interpretation regarding the enhancement for sadistic or masochistic materials is widespread. "In [rejecting Phillips’ claim as meritless], we join[ed] every other circuit to consider this argument.” Id. at 533 (citing United States v. Rearden, 349 F.3d 608, 616 (9th Cir.2003) (rejecting the argument that the sadomasochism enhancement "is already covered by the base offense level” because "the base offense ... could, for example, involve pictures of a naked child without physical sexual contact”); United States v. Lyck-man, 235 F.3d 234, 240 (5th Cir.2000) (same); United States v. Myers, 355 F.3d 1040, 1044 (7th Cir.2004) (same); United States v. Hall, 312 F.3d 1250, 1263 n. 17 (11th Cir.2002) (same)).