NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0633n.06

No. 15-5172

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Sep 10, 2015

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| RONALD CORY DEAN, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: BOGGS, SUTTON, and COOK, Circuit Judges.

PER CURIAM. Ronald Cory Dean challenges the procedural and substantive reasonableness of his 300-month sentence for child-pornography offenses. We affirm.

Dean pleaded guilty to sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), two counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). These charges arose from Dean's use of a file-sharing program to distribute image and video files of minors engaged in sexually explicit conduct and his production of a video of himself engaged in sexually explicit conduct with a prepubescent boy. According to the presentence report, Dean possessed at least 1207 image files and 1337 video files depicting sexually explicit conduct involving minors. The presentence report included the victim-impact statements submitted by or on behalf of victims identified in those image and video files.

At sentencing, the district court calculated a guidelines range of 324 to 405 months of imprisonment based on a total offense level of 41 and a criminal history category of I. Dean requested a downward variance from that range to the fifteen-year statutory mandatory minimum sentence. After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court varied downward from the guidelines range and sentenced Dean to 300 months of imprisonment.

In this timely appeal, Dean contends that his sentence is (1) procedurally unreasonable because the district court failed to adequately explain the chosen sentence and (2) substantively unreasonable because the district court gave an unreasonable amount of weight to certain sentencing factors based on the "gratuitous" victim-impact statements included in his presentence report. We review Dean's sentence for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Dean asserts that the district court failed to provide an adequate explanation for rejecting his request for a downward variance to the fifteen-year mandatory minimum. When a defendant "presents nonfrivolous reasons for imposing a different sentence," the sentencing judge should consider the defendant's arguments and "explain why he has rejected those arguments." *Rita v. United States*, 551 U.S. 338, 357 (2007). The district court is not, however, required to "give the reasons for rejecting any and all arguments by the parties for alternative sentences." *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc). Ultimately, to impose a procedurally reasonable sentence, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita*, 551 U.S. at 356. Because Dean failed to object to the adequacy of the district court's explanation when given the opportunity to do so

at the conclusion of the sentencing hearing, we review for plain error. *Vonner*, 516 F.3d at 385-86.

The district court did not err, let alone plainly err. The district court acknowledged Dean's cooperation with authorities, his confession to his conduct with the prepubescent boy, his lack of criminal history, and his post-arrest efforts at rehabilitation, including his pre-enrollment in the sex-offender treatment program. The district court went on to emphasize that Dean's offense was "extremely serious" given that, in addition to possessing and distributing child pornography, he "actively became involved with a minor and abused and molested that minor." (RE 60, Page ID # 168-69). While rejecting Dean's request for a fifteen-year sentence, the district court agreed that a "slight" downward variance was appropriate based on some of the mitigation arguments raised, including his young age (twenty-one years old), his youth when he began engaging in this conduct, his own sexual abuse as a child, and the lack of treatment for his mental-health issues. (*Id*. Page ID # 171). Although the district court did not expressly address Dean's arguments that the child-pornography guidelines are flawed, those arguments have been rejected by this court. *United States v. Walters*, 775 F.3d 778, 783-87 (6th Cir.), *cert. denied*, 135 S. Ct. 2913 (2015); *United States v. Cunningham*, 669 F.3d 723, 732-33 (6th Cir. 2012); *see United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009). The district court adequately explained Dean's 300-month sentence.

In support of his challenge to his sentence's substantive reasonableness, Dean argues that the district court gave an unreasonable amount of weight to promoting respect for the law and affording adequate deterrence based on the "gratuitous" victim-impact statements included in his presentence report. "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C.

§ 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). Given "that a sentence within the applicable guidelines range is presumptively reasonable . . . [,] a defendant attacking the substantive reasonableness of a *below*-guidelines sentence has an even heavier burden to overcome." *United States v. Elmore*, 743 F.3d 1068, 1076 (6th Cir. 2014); *see United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013).

Dean has not overcome that burden. Dean contends that the presentence report included not only the victim-impact statements of four victims whose images were found on his storage devices but also numerous other irrelevant victim-impact statements from victims whose images the government never claimed to have found on his devices. Dean misreads the presentence report, which states:

> Upon analyzing the images and videos possessed by **Dean** in this offense, agents were able to identify several of the victims depicted therein. The government furnished victim impact statements submitted by or on behalf of those individuals, and the statements will be set forth immediately below. . . . Restitution requests were submitted by or on behalf of a few identified victims . . . .

(Presentence Report 10). All of the victim-impact statements included in the presentence report were submitted by or on behalf of victims identified from the images and videos possessed by Dean; four of those victims requested restitution. All of those victims had a right to be heard. *See* 18 U.S.C. § 3771(a)(4). Overruling Dean's objection to the inclusion of the victim-impact statements in the presentence report, the district court concluded that the statements were properly considered in conjunction with the § 3553(a) factors, but stated that the number of statements did not have "any bearing on the Court's ultimate determination." (RE 60, Page ID # 120). Dean has failed to show that the district court placed undue weight on the victim-impact statements or on any sentencing factor.

For the foregoing reasons, we AFFIRM Dean's sentence.