NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0010n.06

Case No. 19-3445

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 09, 2020
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

MIGUEL L. WHEELER,

  Defendant-Appellant.

)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

BEFORE: COLE, Chief Judge; COOK and THAPAR, Circuit Judges.

COOK, Circuit Judge. Miguel Wheeler pleaded guilty to sexual exploitation of children and possession of child pornography after homemade videos of a prepubescent girl performing sexually explicit acts were found on his media devices. The district court sentenced him to 262 months in prison and added the required $5,000 special assessment. With this appeal, Wheeler primarily focuses on the propriety of imposing the special assessment. Because the district court imposed a reasonable sentence and did not err in levying the special assessment, we AFFIRM.

**I.**

Police found sexually explicit videos of his girlfriend's 9-year-old daughter on Wheeler's Google Drive account and his phone, including a video of Wheeler himself having intercourse with the child. Wheeler also possessed "approximately 64 images and 22 videos of child pornography" depicting other victims.

Wheeler appeals the special assessment and his term of imprisonment.

## II.

### A.  Special Assessment

The Justice for Victims of Trafficking Act mandates that a $5,000 special assessment be imposed on all defendants convicted of sexual exploitation of children—unless the district court finds the defendant indigent.  18 U.S.C. § 3014(a).  "Section 3014 does not define the term 'indigent,' but this court has held that in assessing indigency, the court must resolve two basic questions: '(1) Is the defendant impoverished *now*; and (2) if so, does the defendant have the means to provide for himself so that he will *not always* be impoverished?'"  *United States v. Wandahsega*, 924 F.3d 868, 889 (6th Cir. 2019) (quoting *United States v. Shepherd*, 922 F.3d 753, 758 (2019)).

In answering these questions, sentencing courts may consider the defendant's potential future earnings.  *Shepherd*, 922 F.3d at 759.  And throughout the defendant "bears the burden of proving [his] indigency."  *Wandahsega*, 924 F.3d at 890 (citing U.S.S.G. § 5E1.2).  A defendant's financial straits must be more dire "than simply living paycheck-to-paycheck."  *Shepherd*, 922 F.3d at 758.  We affirm the district court unless the defendant shows that the special assessment will tip him into "penury[ or] destitution."  *Id.* (quoting *Indigency*, Oxford English Dictionary 868 (2d ed. 1989)).  Importantly, 18 U.S.C. § 3613(b) gives defendants 20 years following release to pay the special assessment.

Although Wheeler complains on appeal about the district court's non-indigency determination, he never objected to it at sentencing.  We thus limit our review to whether the district court plainly erred in evaluating Wheeler's indigency claim.  *United States v. Kent*, 765 F. App'x 126, 126 (6th Cir. 2019) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)); *see also* Fed. R. Crim. P. 52(b).

Wheeler failed to establish his ineligibility for the assessment to the satisfaction of the district court. The court noted that Wheeler possessed a high school degree, some college education, and a consistent job record. Wheeler acknowledged at sentencing that in the years before his arrest, his family upgraded from a single room in his aunt's house to "a five-bedroom house with a two-and-a-half car garage, [and] a fenced-in backyard." This factor too supported the district court's conclusion that, far from "liv[ing] in poverty [and] lack[ing] the means . . . to exit poverty," *Shepherd*, 922 F.3d at 758, Wheeler "has the future ability to earn sufficient monies in order to pay the special assessment."

True, as Wheeler argues, when released from prison he'll be almost fifty-five years old with out-of-date skills, and he'll still owe his $35,000 of pre-incarceration debts. This court, however, recently found a defendant in similar straits able to pay the special assessment and not indigent. Mason Shepherd owed $55,000 and had ongoing child support obligations. *Shepherd*, 922 F.3d at 760. Shepherd had a high school diploma and he too would face the post-incarceration stigma of sex offender status when applying for work. *Id.* at 759. We upheld that assessment. *Id.* at 759–60; *cf. Wandahsega*, 924 F.3d at 889 (upholding same assessment imposed on defendant with debt and mental illness due in part to defendant's future job prospects).

Wheeler wants to differentiate his circumstances from Shephard's by pointing out that in reaching its decision the *Shepherd* court relied on Shepherd's age—under forty—and the better work options available to someone that age, versus Wheeler at nearly fifty-five. Though earning may prove more difficult for Wheeler, the district court did not plainly err in finding Wheeler not indigent.

### B.  Reasonableness of His Sentence

Wheeler also argues that the district court imposed a procedurally and substantively unreasonable sentence when it denied a downward variance or departure due to his mental illness. Wheeler contends that, despite reviewing a psychological report detailing his mental illness and hearing supporting testimony from his mother, the district court ignored his mental health in sentencing him.

We review the substantive reasonableness of Wheeler's sentence for an abuse of discretion. *United States v. Walters*, 775 F.3d 778, 781 (6th Cir. 2015).  But he didn't object as to procedural reasonableness, so we review that for plain error.  *United States v. Zobel*, 696 F.3d 558, 566 (6th Cir. 2012).

*Procedural Reasonableness.* As shown by the sentencing hearing transcript, the district court considered Wheeler's mental health at length.  The court reviewed his psychologist's report that described Wheeler's clinical depression but did not conclude that Wheeler's crimes resulted from his mental illness.  The court also listened to Wheeler's mother discuss his psychological difficulties and their family history of mental illness, and heard from defense counsel, who discussed Wheeler's "history of depression" and need "to be healed."  Then, in explaining its sentence, the court acknowledged "Mr. Wheeler's mental health diagnosis" but explained that "the depression from which Mr. Wheeler suffers is [not] unusual to a degree that would distinguish his case from other similar cases."  Contrary to Wheeler's view, the district court considered his mental illness as part of "the applicable sentencing factors."  That the court declined to sentence below the Guidelines range—finding that Wheeler "poses a serious threat to minors in the community" and that he exploited his role as a father figure to abuse—does not mean it failed to follow proper sentencing procedure.

Wheeler's argument summarized is: because the district court denied a downward departure or variance, it must have ignored his mental illness.  No authority supports this view.  Wheeler fails to show that the district court plainly erred.

*Substantive Reasonableness.*  Nor did it abuse its discretion in reviewing the Section 3553(a) factors and sentencing Wheeler within the Guidelines range—a range to which his counsel did not object.  Though we accord that sentence a presumption of reasonableness, *United States v. Kamper*, 748 F.3d 728, 740 (6th Cir. 2014), Wheeler fails to argue grounds for finding the sentence substantively unreasonable.  We will not supply arguments for him.

**III.**

We AFFIRM the judgment of the district court.

**COLE, Chief Judge, concurring.** I agree with the court that, under plain error review, the district court did not err in finding that Wheeler was not indigent and in imposing the $5,000 special assessment. I also agree with the majority's disposition of Wheeler's procedural reasonableness argument. But I disagree with the majority's approach to Wheeler's substantive unreasonableness argument. In my estimation, we should reject Wheeler's substantive unreasonableness challenge not because he failed to make an argument, but instead because the argument he made was inadequate.

Wheeler lodged a substantive unreasonableness challenge when he contended that "[i]f the district court fails to consider pertinent § 3553(a) factors, the sentence is also substantively unreasonable." Appellant Br. at 18 (citing *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007); *United States v. Herrera-Zuniga*, 571 F.3d 568, 579 (6th Cir. 2009)). Specifically, he argued that, under § 3553(a)(1), the district court improperly failed to properly consider and weigh pertinent characteristics—specifically his mental health condition—as a basis for a downward variance in his sentence. Appellant Br. at 19–24.

It is true that failure to consider the § 3553(a) factors goes to the substantive reasonableness of the sentence. *See, e.g.*, *United States v.* Cochrane, 702 F.3d 334, 345 (6th Cir. 2012). But the problem with Wheeler's argument is not legal, it is factual: it fails on this record. As the majority correctly notes, the district court specifically considered Wheeler's contention that his mental health condition justified a downward variance before imposing its sentence. I therefore cannot say the district court erred, and I respectfully concur.