**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4082**

UNITED STATES OF AMERICA,

                    Plaintiff − Appellee,

            v.

TIMOTHY ALAN HIMELRIGHT,

                    Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:19-cr-00028-GMG-RWT-1)

Submitted:  May 12, 2020                                    Decided:  August 12, 2020

Before DIAZ, HARRIS, and RUSHING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Nicholas J. Compton, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  William J. Powell, United States Attorney, Wheeling, West Virginia, Kimberly Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Alan Himelright was sentenced to 121 months' imprisonment and 40 years' supervised release for distributing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), 2252A(b)(1). On appeal, Himelright argues that the district court erred at his sentencing in three ways: (1) by failing to address his nonfrivolous argument for a downward variance, (2) by failing to explain the length or special conditions of his supervised release, and (3) by imposing a substantively unreasonable sentence.

We conclude that the district court erred by failing to address Himelright's nonfrivolous argument for a downward variance. We therefore vacate Himelright's sentence as procedurally unreasonable and remand for resentencing.

I.

In October 2018, Himelright sent from West Virginia (via a social media app) a two-minute video containing child pornography to undercover police in the United Kingdom. Himelright also used the app's chat feature to describe supposed sexual interactions between him and his daughter. The police in the United Kingdom shared this information with their counterparts in West Virginia. An investigation by West Virginian authorities led them to Himelright, who admitted to using the app to view and share child pornography.

Himelright pleaded guilty to one count of distributing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2), 2252A(b)(1). Himelright's presentence report calculated an advisory Guidelines sentence range of 97–121 months' imprisonment, and five years to a

lifetime of supervised release. Among other enhancements and reductions, Himelright's Guidelines range incorporated a two-level enhancement under U.S.S.G. § 2G2.2(b)(6) for using a computer to commit his offense. Neither Himelright nor the government objected to the presentence report.

Himelright did, however, request a downward variance on the ground that the § 2G2.2(b)(6) enhancement no longer serves its original purpose because most child pornography offenses now involve a computer. Based on this argument and two others not at issue here, Himelright requested a sentence of 78 months' imprisonment and five years' supervised release.

At sentencing, the district court sentenced Himelright to 121 months' imprisonment, at the high end of his Guidelines range, and 40 years' supervised release. The court noted the severity of Himelright's crime, his impact on his victims, the need to punish him, and the need to protect society. The court also noted that, although Himelright's charged conduct was limited to one video, this was because Himelright deleted the relevant app, preventing law enforcement from recovering suspected additional images. In addition, the district court included over 20 special conditions for Himelright's supervised release. The court stated that the special conditions would protect the community, prevent recidivism, and provide rehabilitation.

This appeal followed.

## II.

### A.

Himelright raises three issues on appeal: (1) the district court procedurally erred by failing to address his nonfrivolous § 2G2.2(b)(6) argument for a downward variance, (2) the district court procedurally erred by not giving an individualized explanation for either the length or special conditions of his supervised release, and (3) the sentence is substantively unreasonable.

We review sentences for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). We first consider whether the district court committed any "significant procedural error." *Id.* at 51. Specifically, to affirm, we must be satisfied that "the district court properly calculated the defendant's advisory guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019) (cleaned up). As part of that mandate, "the district court must provide some individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *Id.* A district court can justify its rejection of arguments for a higher or lower sentence in two ways: (1) by directly addressing a defendant's non-frivolous argument in its sentencing explanation or (2) by "engag[ing] with a defendant's arguments in a way that makes patently obvious that it has given specific attention to a non-frivolous argument for a shorter sentence." *See United States v. Webb*, -- F.3d --, 2020 WL 3955953, at *5–6 (4th Cir. July 13, 2020).

### B.

We agree with Himelright that the district court failed to consider and explain its rejection of his § 2G2.2(b)(6) argument.

For starters, the argument isn't frivolous. The government argues otherwise, relying on a Sixth Circuit decision rejecting claims that § 2G2.2(b)(6) shouldn't apply merely because the use of computers is common in child pornography cases. *See United States v. Walters*, 775 F.3d 778, 786–87 (6th Cir. 2015). But whether Himelright's Guidelines range properly incorporates § 2G2.2(b)(6) and whether it is reasonable to apply § 2G2.2(b)(6) to Himelright are two separate questions. *See Gall*, 552 U.S. at 46.

And it's clear that the district court failed to either directly or in a "patently obvious" way address Himelright's § 2G2.2(b)(6) argument at any point during his sentencing hearing. *See Webb*, 2020 WL 3955953, at *5–6. The court's sole mention of § 2G2.2(b)(6) was when it recited the enhancements that led to Himelright's Guidelines range. Though the court noted that Himelright used a computer to commit his offense, it never confronted his argument that § 2G2.2(b)(6)'s application to the record facts warranted a downward variance. We have held that sentences with similar deficiencies are procedurally unreasonable. *See, e.g.*, *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (holding that the district court procedurally erred by addressing only two of Blue's eight nonfrivolous arguments for mitigation).

This error alone warrants a remand. But we also note Himelright's argument that the court failed to adequately explain the 40-year term (and special conditions) of supervised release. Because we remand for resentencing, we leave it to the district court to consider this argument.

5

For the reasons given, we vacate Himelright's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*