NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0348n.06

No. 20-4077

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | **FILED** Jul 19, 2021 DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| TAMIKO PARKER, | ) | |
| Defendant-Appellant. | ) | OPINION |

**BEFORE: SUTTON, Chief Judge; SUHRHEINRICH and NALBANDIAN, Circuit Judges.**

**NALBANDIAN, Circuit Judge.** Tamiko Parker stole money from a charitable organization while she served as its executive director. She was indicted for theft of federal funds and pled guilty. *See* 18 U.S.C. § 666(a). In calculating Parker's Sentencing Guidelines range, the district court applied several enhancements before sentencing Parker to 33 months in prison. Parker now says the application of two of these enhancements amounted to impermissible double counting. We **AFFIRM**.

I.

Tamiko Parker formerly served as the executive director of Collinwood & Nottingham Villages Development Corporation (CNVDC). CNVDC, a recipient of federal funds, is a charitable organization that acquires, owns, leases, and develops property in Cleveland, Ohio. Among other things, CNVDC refurbishes blighted or run-down properties and rents them to members of the community under a federal rent-to-own program.

Parker's responsibilities included overseeing CNVDC's development projects. As a result, Parker had access to the organization's bank accounts, including checks, debit and credit cards, and other finances. Unfortunately, Parker abused her privileges. She wrote checks and money orders from CNVDC's accounts that she cashed for herself; she used the company debit card to make personal purchases at Harley Davidson, T.J. Maxx, Sephora, Pier I, Victoria's Secret, and a casino; she withdrew cash from CNVDC's accounts for her own use; and she double deposited her paychecks. In the end, Parker stole over $195,000 from CNVDC.

After Parker left CNVDC in shambles, a grand jury indicted her for violating 18 U.S.C. § 666(a). Section 666(a) prohibits agents of certain organizations from stealing or embezzling the organization's money. *See* 18 U.S.C. § 666(a). Parker pled guilty, and the district court sentenced her to 33 months in prison. That sentence fell at the high end of Parker's Sentencing Guidelines range.

The meat of this appeal is in the district court's calculation of Parker's Guidelines range. Parker says the district court "double counted" some of her conduct when it calculated her Guidelines range. The district court's math here is easy to track: The court started off with a base offense level of six, corresponding to the level set for violations of § 666(a). *See* U.S.S.G. § 2B1.1(a)(2). It then applied three enhancements. First, it added ten levels to Parker's base level because she stole over $150,000. *See* U.S.S.G. § 2B1.1(b)(1)(I). Then it imposed a pair of two-level enhancements, the first for Parker's misrepresentations that she was acting on behalf of CNVDC, *see* U.S.S.G. § 2B1.1(b)(9)(A), and the second because Parker abused her position of public trust, *see* U.S.S.G. § 3B1.3. After Parker accepted responsibility for her crimes at sentencing, giving her a three-level reduction, her base offense level landed at 17. Combined with

Parker's criminal history category of II, her Guidelines range was 27 to 33 months. And as we already noted, the district court imposed a 33-month sentence.

Parker now appeals her sentence. She makes two arguments. First, she says the district court engaged in impermissible "double counting" when it imposed a two-level enhancement for Parker's misrepresentations that she was acting on behalf of CNVDC. According to Parker, her base offense level already captured that conduct. And second, Parker argues that the application of both § 2B1.1(b)(9)(A) for her misrepresentations and § 3B1.3 for her abuse of trust likewise double counts the same conduct.

Neither of these arguments persuades us. We address them in turn. In reviewing the district court's application of the Sentencing Guidelines, we "must 'accept the findings of fact of the district court unless they are clearly erroneous and . . . give due deference to the district court's application of the guidelines to the facts.'" *United States v. Simmerman*, 850 F.3d 829, 832 (6th Cir. 2017) (quoting 18 U.S.C. § 3742(e)).

## II.

## A.

Parker's first argument is that applying the enhancement from U.S.S.G. § 2B1.1(b)(9)(A) is "double counting" because the conduct the enhancement targets was already counted in Parker's base offense level. In some cases, it may indeed be impermissible for a district court to "double count" a defendant's conduct when sentencing her. "Double counting occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." *United States v. Walters*, 775 F.3d 778, 782 (6th Cir. 2015) (cleaned up). It follows, then, that "[n]o double counting occurs if the defendant is punished for distinct aspects of his conduct." *Id.*

3

Section 2B1.1(b)(9)(A) punishes conduct distinct from that captured by Parker's base offense level. Indeed, "an examination of the language in [Parker's] [i]ndictment, the relevant statutes, and the Sentencing Guidelines reveals that" there was no impermissible double counting. *Walters*, 775 F.3d at 783.

Start with Parker's indictment. It accused her of embezzling, stealing, and obtaining by fraud at least $5,000 belonging to CNVDC. This tracks the language of 18 U.S.C. § 666. The statute prohibits "agents" of certain "organizations" from "embezzl[ing], steal[ing], [or] obtain[ing] by fraud . . . property that is valued at $5,000 or more, and is owned by, or is under the care, custody, or control of such organization." 18 U.S.C. § 666(a)(1)(A). So the statute targets specific acts by the organization's agent: Embezzling, stealing, or obtaining the organization's money by fraud.

But § 2B1.1(b)(9)(A) takes aim at different conduct. It increases a defendant's offense level for "misrepresent[ing] that the defendant was acting on behalf of a charitable, educational, religious, or political organization, or a government agency." U.S.S.G. § 2B1.1(b)(9)(A). The district court applied § 2B1.1(b)(9)(A) because Parker collected and pocketed cash rent, made debit and credit card charges to CNVDC accounts for personal benefits, and withdrew cash from CNVDC's bank accounts by misrepresenting that she was doing so on behalf of CNVDC.

Applying the enhancement here did not cause double counting. We need only consider Parker's rent-collection scheme to see why. This scheme was part of Parker's broader embezzlement and theft spree. Parker would go to CNVDC tenants and demand rent in cash or threaten eviction. The tenants would cede to these demands—after all, Parker was CNVDC's executive director, and they were renting from CNVDC. Of course, rather than deposit the cash in CNVDC's accounts, Parker would pocket it.

Section 2B1.1(b)(9)(A) captures the first half of this scheme—Parker's misrepresentations—and § 666(a) captures the second half—Parker's theft of the cash. So the enhancement punished different aspects of Parker's crime from what § 666(a) targets. *See Walters*, 775 F.3d at 782. Indeed, if Parker went to the tenants, demanded cash rent, but walked away emptyhanded, she would not have violated § 666(a) (though she might incur other liability). Likewise, if tenants simply mailed in their rent checks and Parker intercepted them before they could make it into CNVDC's bank accounts, then § 2B1.1(b)(9)(A) would not apply.

As we have already stated, "where a defendant is penalized for distinct aspects of his conduct, no double counting takes place." *Walters*, 775 F.3d at 784. Because § 2B1.1(b)(9)(A) punishes Parker for her *misrepresentations*, and not her distinct act of pocketing CNVDC's money for her own use, the district court's application of the Guideline did not lead to impermissible double counting.

B.

We turn next to Parker's second claim, which also relies on a double-counting theory. This time, Parker says the district court engaged in double counting when it applied both U.S.S.G. §§ 2B1.1(b)(9)(A) and 3B1.1. This argument meets the same fate as the first.

For starters, Parker did not preserve this objection below. Though Parker contended before the district court that applying § 2B1.1 caused double counting vis-à-vis her base offense level, she never suggested that application of § 2B1.1 together with § 3B1.3 created similar problems. Not when the district court solicited objections to Parker's presentence report early in Parker's sentencing, and not when the district court fielded the parties' *Bostic* objections. *See United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). So, as the government points out, we review the application of the enhancements together for plain error. *See United States v. Vonner*, 516 F.3d

382, 385 (6th Cir. 2008) (en banc). That means Parker must show the application of both enhancements was an "obvious or clear" error that affected both Parker's "substantial rights" and "the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 386 (quoting *United States v. Gardiner,* 463 F.3d 445, 459 (6th Cir. 2006)).

But Parker does not establish any error, let alone plain error. We noted above that § 2B1.1(b)(9)(A) bumps a defendant's offense level up two if the offense involved "a misrepresentation that the defendant was acting on behalf of a charitable . . . organization." U.S.S.G. § 2B1.1(b)(9)(A). Compare that to § 3B1.3, which imposes a two-level enhancement when "the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B.1.3.

These enhancements target different aspects of Parker's crime. Consider our decision in *United States v. Smith*, 516 F.3d 473 (6th Cir. 2008). There, Smith landed a job as executive director of a local Red Cross chapter. While serving in that position, Smith "used . . . donations and other money from the chapter's bank accounts to support her drug and alcohol habits, to pay for a personal vacation and to buy furniture, jewelry, electronics and a tractor/snowblower." *Id.* at 475 (cleaned up). The district court there applied both § 2B1.1(b)(9)(A) and § 3B1.3, and we affirmed. "The abuse-of-trust enhancement accounts for Smith's exploitation of her position as executive director," we reasoned, "while the misrepresentation enhancement accounts for Smith's deceptions in misleading contributors that their donations would go to charitable purposes rather than her own." *Id.* at 476.

So too here. Just as the § 2B1.1 enhancement in *Smith* punished Smith for her deception in misleading contributors, here it punishes Parker for misleading CNVDC's tenants and vendors. That is distinct from the § 3B1.3 enhancement for abuse of trust, which sanctions Parker for her

"exploitation of her position as executive director." *Id.* The former harmed CNVDC's beneficiaries, including its tenants, and the latter the organization itself. *See id.* So the two enhancements here target not only different *conduct*, but they also penalize different *harms*. "In the final analysis, it is not double counting, but single counting, to punish [Parker] twice for distinct aggravating qualities of her offense." *Id.* at 477.

The district court did not double count Parker's conduct in applying both §§ 2B1.1 and 3B1.3.

III.

We **AFFIRM** the district court.