NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0111n.06

Case No. 24-2020

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|     Plaintiff-Appellee, | ) | Mar 06, 2026 |
|  | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| PATRICK CRAIG HARRISON, | ) |  |
|     Defendant-Appellant. | ) | O P I N I O N |

Before: COLE, CLAY, and MURPHY, Circuit Judges.

COLE, Circuit Judge. Patrick Craig Harrison appeals the district court's imposition of a $5,000 Justice for Victims of Trafficking Act (JVTA) special assessment and a five-year term of supervised release. First, Harrison contends that the district court plainly erred by imposing the JVTA assessment because he is indigent. Second, Harrison argues that his five-year supervised release sentence is unreasonable. For the reasons below, we affirm.

I.

In 2024, Harrison pleaded guilty, without a plea agreement, to possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). The probation office prepared a presentence report (PSR) to which neither party objected. The PSR detailed Harrison's education, work history, and financial status. The probation department recommended various financial penalties, including the JVTA assessment, and calculated a Guidelines range of 97 to 121 months' imprisonment and a mandatory minimum supervised release term of five years.

During the sentencing hearing, the district court stated the Guidelines range for the violation and noted the mandatory minimum supervised release term. The court ultimately varied downwards and sentenced Harrison to 70 months of imprisonment followed by five years of supervised release. The court also imposed various financial penalties, including a $100 felony special assessment, a $5,000 JVTA special assessment, and $33,000 in restitution. Harrison did not object to any aspect of his sentence.

Harrison timely appeals.

II.

Harrison argues that the district court erred by imposing the JVTA special assessment and five years of supervised release. He failed to object to the special assessment and his supervised release sentence below, so we review both challenges for plain error. *United States v. Babcock*, 753 F.3d 587, 590 (6th Cir. 2014); *United States v. Meek*, 32 F.4th 576, 580–81 (6th Cir. 2022). To establish plain error, Harrison must show "(1) an error, (2) that was obvious or clear, (3) that affected his substantial rights, and (4) that affected the fairness, integrity, or public reputation of his judicial proceedings." *United States v. Inman*, 666 F.3d 1001, 1003–04 (6th Cir. 2012) (per curiam). We address each challenge in turn.

A.

We first consider whether the district court erred by imposing the JVTA special assessment pursuant to 18 U.S.C. § 3014. Harrison's offenses arose under chapter 110. *See* 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2). Section 3014 requires district courts to impose a $5,000 special assessment "on any non-indigent person or entity convicted of an offense under . . . chapter 110 (relating to sexual exploitation and other abuse of children)." *Id.* § 3014(a)(3). The JVTA

assessment is thus mandatory for any non-indigent defendant guilty of a qualifying offense. *United States v. Shepherd*, 922 F.3d 753, 757 (6th Cir. 2019).

"The defendant bears the burden of proving indigency," and a district court may not impose the JVTA assessment on a defendant who meets this burden. *United States v. Wandahsega*, 924 F.3d 868, 889–90 (6th Cir. 2019) (citation modified). When assessing indigency, courts consider a defendant's current and future ability to pay the assessment, including potential in-prison and post-release earnings. *Shepherd*, 922 F.3d at 757–59. Section 3014 does not require district courts to make explicit findings of non-indigency so long as "it can be inferred that the district court considered the defendant's ability to pay and other factors required by law." *Wandahsega*, 924 F.3d at 888 (quoting *United States v. Powell*, 423 F. App'x 602, 610–11 (6th Cir. 2011)). We have previously inferred that a district court considered a defendant's ability to pay where the court made no factual findings with respect to ability to pay at sentencing, but the PSR detailed the defendant's financial position. *See id.* at 888–89.

The PSR prepared by the probation department detailed Harrison's employment history, ability to work, net worth, and income. Prior to sentencing, Harrison had a net worth of $5,206 and monthly retirement income of $153. The probation department stated that Harrison should be able to work in prison or during supervised release. The district court reviewed the PSR, including the financial information contained within it, and adopted it in full. When discussing the JVTA special assessment, the district court explained that it "d[id]n't think there has been a demonstration of [indigency]." (Sentencing Hr'g Tr., R. 45, PageID 208.)

The district court did not plainly err in finding Harrison failed to demonstrate his indigency. We agree with Harrison that the PSR stated that he lacked the means to satisfy a lump-sum payment. The JVTA, however, gives defendants twenty years after release from prison to satisfy

the debt. 18 U.S.C. §§ 3014(g), 3613(b). Thus, the district court did not have to rely on only Harrison's current ability to pay the fine. *See Shepherd*, 922 F.3d at 757–59. The PSR noted that Harrison should be able to work in prison or during supervised release. Although the district court appointed counsel on Harrison's behalf, as Harrison acknowledges, qualifying for court-appointed counsel "is probative but not dispositive" of indigency. *See id.* at 759.

Finally, Harrison contends that the district court erred by failing to make explicit factual findings related to his non-indigency and thus hindering our review. From the record, however, we can infer that the district court considered Harrison's future earning potential and other factors required by law. *See Wandahsega*, 924 F.3d at 888; *Shepherd*, 922 F.3d at 760. The district court fully adopted the PSR and concluded that Harrison failed to demonstrate his indigency. We cannot conclude the district court plainly erred by doing so.

Accordingly, we affirm the district court's imposition of the $5,000 JVTA special assessment.

B.

Next, we examine whether Harrison's five-year supervised release sentence is unreasonable. A district court must impose a sentence that is both substantively and procedurally reasonable. *United States v. Walters*, 775 F.3d 778, 781 (6th Cir. 2015). Harrison argues that his supervised release sentence is unreasonable in duration and was not adequately explained by the district court. He does not challenge any of the conditions of supervised release imposed. We construe his arguments as challenges to the substantive and procedural reasonableness of his supervised release sentence.

1.

We first consider whether Harrison's sentence is substantively unreasonable. Harrison contends that his five-year supervised release sentence is unreasonable in its duration. "A claim that a sentence is substantively unreasonable is a claim that a sentence is too long (if a defendant appeals) or too short (if the government appeals)." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). When a mandatory minimum sentence is challenged as too high, it "is by definition substantively reasonable." *United States v. Marshall*, 736 F.3d 492, 501 (6th Cir. 2013).

Harrison pleaded guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Under the applicable statute, the term of supervised release for certain offenses, including violations of 18 U.S.C. § 2252A, "is any term of years not less than 5, or life." 18 U.S.C. § 3583(k). Thus, the mandatory minimum sentence is five years of supervised release. *Id.*; *see also Babcock*, 753 F.3d at 593. Because Harrison's conviction carried with it a mandatory minimum supervised release term of five years, his five-year term of supervised release is substantively reasonable. *See Babcock*, 753 F.3d at 593.

Thus, under these circumstances, we cannot conclude that Harrison's five-year supervised release sentence is unreasonable in duration.

2.

Next, we evaluate Harrison's procedural reasonableness challenge. For a sentence to be procedurally reasonable, the district court must properly calculate the Guidelines range and treat it as advisory, consider the 18 U.S.C. § 3553(a) factors, avoid considering impermissible factors, rely on facts that are not clearly erroneous, and adequately explain its chosen sentence. *Rayyan*, 885 F.3d at 440. Harrison challenges only the adequacy of the district court's explanation of his supervised release sentence. We limit our analysis accordingly.

A district court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007) (citing *Rita v. United States*, 551 U.S. 338, 351 (2007)). When imposing a term of supervised release, a district court's explanation for a custodial sentence may also outline the reasons supporting a term of supervised release. *Babcock*, 753 F.3d at 593.

In imposing its sentence, the court fully explained why it concluded that a custodial sentence of 70 months is appropriate. As for the five-year term of supervised release, the district court explained that the applicable "statute requires a minimum [of] five years, which . . . is appropriate in this case." (Sentencing Hr'g Tr., R. 45, PageID 206.) Because the term of supervised release imposed by the district court is consistent with the statutory requirements, the district court did not have "to provide an extensive explanation" as to its reasons for imposing a five-year term of supervised release. *See United States v. Zabel*, 35 F.4th 493, 509 (6th Cir. 2022) (citation modified). On this record, Harrison failed to show that the district court plainly erred by failing to provide an extensive explanation supporting a five-year term of supervised release.

We therefore conclude that Harrison's five-year term of supervised release is procedurally reasonable.

III.

For these reasons, we affirm Harrison's sentence.